# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

NICOLE B., INDIVIDUALLY AND ON    :   No. 13 EAL 2019
BEHALF OF N.B.,    :
   :
        Petitioners    :   Petition for Allowance of Appeal from
   :   the Order of the Commonwealth Court
   :
       v.    :
   :
   :
SCHOOL DISTRICT OF PHILADELPHIA,    :
JASON JOHNSON AND JALA    :
PEARSON,    :
   :
        Respondents

## ORDER

**PER CURIAM**

       **AND NOW**, this 25th day of June, 2019, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to all remaining issues. The issues, as stated by petitioner, are:

(1) The Pennsylvania Human Relations Act provides 180 days to file a complaint with the Pennsylvania Human Relations Commission (PHRC) and two years to file a civil action after the PHRC issues a right to sue notice. Pennsylvania's minority tolling statue guarantees minors the "same time for commencing an action" as adults after attaining the age of eighteen. *See* 42 Pa.C.S. § 5533(b)(i). Without minority tolling, children whose parents fail to timely file with the PHRC will not have the same amount of time as adults to file a civil action because they will be time-barred from pursuing the claim. Does the minority tolling statute apply to PHRC complaints?

(2) Section 962(e) of the PHRA provides for equitable tolling when a person, "through no fault of his own," is unable to timely pursue his PHRA claims. Minors in Pennsylvania lack the legal capacity to bring their own claims, so they, through no fault of their own, are unable to timely pursue their PHRA claims. Does § 962(e) toll a minor's PHRA claims?